**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

IN RE:

UNIQUA LASHAWN LYDON,

    DEBTOR

CHAPTER 7
CASE NO.: 26-30082

## AMENDED NOTICE OF OPPORTUNITY FOR HEARING

TAKE NOTICE that Exeter Finance LLC ("Exeter Finance"), by and through counsel, has filed papers with the Court to seek relief from the automatic stay. A copy of these papers are included with this Notice or copied on the reverse side of this Notice.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

If you do not want the Court to order relief from the automatic stay, or if you want the Court to consider your views on the motion, then on or before 14 days from the date of this Notice, you or your attorney must do three things:

1. **File with the Court a written response requesting that the Court hold a hearing and explaining your position. File the response at:**

U.S. Bankruptcy Court
Western District of North Carolina
401 West Trade Street, Suite 2500
Charlotte, NC 28202

If you mail your request to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

2. **On or before the date stated above for written responses, you must also mail or fax a copy of your written request to:**

Eudora F. S. Arthur
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
*Attorney for Exeter Finance LLC*

3. **Attend the hearing scheduled for July 22, 2026 at 9:30 a.m**. at:

U.S. Bankruptcy Court
Western District of North Carolina
401 West Trade Street, Courtroom 2A
Charlotte, NC 28202

If you or your attorney do not take these steps, **A HEARING WILL NOT BE HELD**, and the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Dated:  May 8, 2026         WOMBLE BOND DICKINSON (US) LLP

By:   /s/ Eudora F. S. Arthur
Eudora F. S. Arthur (NC Bar No. 59854)
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Phone: (919) 755-2178
Email: Dorie.Arthur@wbd-us.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

```
-------------------------------------------------------- x
In re:                                                   :
                                                         :      Chapter 7
UNIQUA LASHAWN LYDON,                                    :
                                                         :      Case No.: 26-30082
                                      Debtor.            :
                                                         :
-------------------------------------------------------- x
```

## **MOTION FOR RELIEF FROM AUTOMATIC STAY**

Now comes Exeter Finance LLC ("Exeter Finance"), by and through counsel, and moves this court for an Order granting it relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and Rule 4001 of the Bankruptcy Rules of Procedure. In support of its Motion for Relief from the Automatic Stay (the "Motion"), Movant shows unto the court as follows:

1.      This matter is a core proceeding pursuant to 28 U.S.C. § 157 and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Western District of North Carolina.

2.      On January 23, 2026 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 to commence the above-referenced case (the "Chapter 7 Case").

3.      Movant is a secured creditor of Debtors as evidenced by that certain Retail Installment Sale Contract dated October 14, 2024 (the "Contract").  The Contract was secured by a 2013 FORD ESCAPE, bearing Vehicle Identification Number 1FMCU0HX1DUB77427 (the "Collateral").  A true and correct copy of the Note is attached hereto as **Exhibit "A."**

4.     Movant has a perfected security interest in the Collateral, as noted on the face of the Certificate of Title for the Collateral (the "Certificate of Title").  A true and correct copy of the Certificate of Title is attached hereto as **Exhibit "B."**

5.     The outstanding balance owed to Movant relative to the Collateral as of the filing of this Motion is $15,471.53. The amount owed as of the filing of this Motion is $2,882.54 See Affidavit attached as **Exhibit "C."**

6.     The value of the Vehicle is $6,600.00 per JD Power (the "Valuation"). A true and correct copy of the Valuation is attached hereto as **Exhibit "D."**

7.     The Debtor voluntarily surrendered the Vehicle and the Vehicle is in the possession of Movant.

8.     Debtor is delinquent on the Contract payments by failing to make the full monthly payment due in October 12, 2025 through April 12, 2026 and all payments due thereafter.

## BASIS FOR RELIEF

Section 362(d) sets forth the standards for determining whether relief from stay is appropriate. Section 362(d) states:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1)     for cause, including lack of adequate protection of an interest in property of such party in interest;
> (2)     with respect to a stay of an act against property under subsection (a) of this section, if
> > (A)     the debtor does not have an equity in such property; and
> > (B)     such property is not necessary to an effective reorganization;

11 U. S. C. § 362.

1.      As a result of the Debtor's failure to pay Movant's claim pursuant to the Contract, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause because Debtor has failed to provide adequate protection of Movant's interest, there is substantial risk of continuing loss to or diminution of the Vehicle, and the Vehicle is not necessary for the Debtor's successful reorganization as the Debtor is liquidating all non-exempt assets under Chapter 7 of the Bankruptcy Code.

2.      Cause exists for relief from the automatic stay under 11 U.S.C. § 362(d)(2) because there is no equity in the Vehicle and the Vehicle is not necessary to an effective reorganization.

3.      If Movant is not granted relief from the automatic stay and permitted to liquidate the Vehicle, then Movant will suffer irreparable injury, loss, and damage by virtue of the decreasing value of the Vehicle.

4.      Because the Vehicle must be sold promptly to maximize its value, sufficient cause exists to waive the requirements of Rule 4001 such that the order granting relief from the automatic stay will be effective upon entry by the Court.

5.      A proposed order granting the Motion is attached hereto as **Exhibit "E**."

WHEREFORE, Exeter Finance prays for the Court to grant the following relief:

1.      To enter an Order modifying the automatic stay imposed by 11 U.S.C. § 362(a) to allow Exeter Finance to exercise its rights and remedies under the Contract and in accordance with applicable state law;

2.      To award Exeter Finance reimbursement of its attorney's fees and costs to be added to the balance of its claim, if any claims are filed; and

3.      To grant such other and further relief as the court deems just and appropriate.

Dated:  May 8, 2026                    WOMBLE BOND DICKINSON (US) LLP

                                       By:  /s/ Eudora F. S. Arthur
                                            EUDORA F. S. ARTHUR
                                            N.C. State Bar. No. 59854
                                            555 Fayetteville Street, Suite 1100
                                            Raleigh, NC  27601
                                            Telephone: (919) 755-2178
                                            dorie.arthur@wbd-us.com

                                       *Attorneys for Exeter Finance LLC*

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

---

------------------------------------------------------------- x

In re:                                          :
                                                :    Chapter 7
UNIQUA LASHAWN LYDON,                            :
                                                :    Case No.: 26-30082
                               Debtor.           :
                                                :
------------------------------------------------------------- x

## <u>ORDER GRANTING MOTION</u><br><u>FOR RELIEF FROM AUTOMATIC STAY</u>

Upon consideration of Exeter Finance LLC's Motion for Relief from Automatic Stay (the "<u>Motion</u>") and any objection to the Motion; and after due deliberation thereon; and good cause having been shown and found; it is, by the United States Bankruptcy Court for the Western District of North Carolina, hereby:

**ORDERED**, that the Motion is **GRANTED**; and it is further

**ORDERED**, that the automatic stay of 11 U.S.C. § 362 and Co-Debtor Stay of 11 U.S.C. §1301(c)(2) is hereby terminated to permit Exeter Finance LLC to exercise its rights and remedies under applicable non-bankruptcy law under the Retail Installment Contract executed by Debtor and Co-Debtor in favor of Exeter Finance LLC in the principal amount of $13,519.69 for the financed purchase of one (1) 2013 FORD ESCAPE, VIN No. 1FMCU0HX1DUB77427 (the "Vehicle") and in accordance with applicable state law; and it is further

**ORDERED**, that Exeter Finance LLC is permitted to apply the proceeds of any disposition of the Vehicle to the outstanding indebtedness due and owing Exeter Finance LLC, including

principal, interest, late fees, attorneys' fees, and costs as allowed by the loan and applicable law; and it is further

**ORDERED**, that upon disposition of the Vehicle, Exeter Finance LLC must provide an explanation of any surplus to the trustee, the debtor's attorney, and the debtor within 14 days and send payment of such surplus to the trustee within 60 days, pending further order of the court regarding its distribution; and it is further

**ORDERED**, that Exeter Finance LLC has 120 days for personal property from entry of the order granting the relief to file a deficiency claim, unless the court, for good cause shown by motion filed before the expiration of such period, extends the same; and it is further

**ORDERED**, that the Court shall retain jurisdiction over the subject matter of this Order and to enforce the provisions set forth herein; and it is further

**ORDERED**, that the fourteen-day stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived.

END OF DOCUMENT

## CERTIFICATE OF SERVICE

I, the undersigned, of Womble Bond Dickinson (US) LLP, hereby certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, I served a copy of the foregoing Motion for Relief from Automatic Stay on:

> Uniqua LaShawn Lydon
> 409 Modena St
> Gastonia, NC 28054
> *Debtor*

by depositing the same in the United States mail, first class, postage prepaid.

That on this day, the foregoing Motion for Relief from Automatic Stay was served by electronic means through the Court's CM/ECF service on:

> Sharon Schwartz Dove
> *Attorney for Debtor*
>
> Cole Hayes
> *Chapter 13 Trustee*
>
> Shelley Abel
> *Bankruptcy Administrator*

I certify under penalty of perjury that the foregoing is true and correct.

Dated: May 8, 2026

WOMBLE BOND DICKINSON (US) LLP

By:   /s/ Eudora F. S Arthur
      EUDORA F. S. ARTHUR
      NC State Bar Number 59854
      555 Fayetteville St., Suite 1100
      Raleigh, NC 27601
      Telephone: (919) 755-2178
      dorie.arthur@wbd-us.com

*Attorneys for Exeter Finance LLC*